## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> *Plaintiff*, <br><br> v. <br><br> OFFICE OF THE DIRECTOR OF <br> NATIONAL INTELLIGENCE <br> Washington, DC 20511 <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Office of the Director of National Intelligence ("ODNI") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff

analyzes agencies' responses to its requests and disseminates both its findings and the requested records to the public to inform them about "what their government is up to."

4. Defendant ODNI is an agency of the United States Government. The ODNI has possession, custody, and control of records to which Plaintiff seeks access. The ODNI is headquartered in Washington, DC 20511.

## STATEMENT OF FACTS

5. On July 13, 2018, Plaintiff submitted a FOIA request to the ODNI via e-mail, seeking access to the following:

> **Any and all records regarding, concerning, or related to the meeting between Intelligence Community Inspector General (ICIG) official Frank Rucker, ICIG attorney Jeanette Macmillian, former Federal Bureau of Investigation Deputy Assistant Director Peter Strzok, and other[s] regarding security threats associated with the private e-mail server utilized by former Secretary of State Hillary Clinton. This request includes, but is not limited to, the following:**
>
> - **Any and all reports, notes, briefing materials, presentations, or similar records created in preparation for, during, and/or pursuant to the meeting.**
>
> - **Any all Any and all related records of communication between any official, employee, or representative of the ICIG and any other individual or entity.**
>
> **For purposes of clarification, the meeting in question was referenced by Rep. Louis Gohmert during the testimony of Mr. Strzok at a House of Representatives hearing on July 12, 2018.**

6. The ONDI responded by letter dated August 21, 2018 that it received Plaintiff's FOIA request on July 17, 2018 and it had "initiated searches for records responsive to [Plaintiff's] request." The August 21, 2018 letter was the last communication Plaintiff received from Defendant about the subject request.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the ODNI was required to determine whether to comply with Plaintiff's request within (20) working days after its receipt of the request and to notify Plaintiff immediately of its determination, the records thereof, and the right to appeal any adverse determination. At the very latest, the ODNI's determination was due by September 19, 2018.

8. As of the date of this Complaint, the ODNI failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendants intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Plaintiff is being irreparably harmed by reason of Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within the time limits set by FOIA.  Accordingly, the ODNI's determination was due at the very latest by September 19, 2018.  By this date, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for*

*Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to determine whether to comply with Plaintiff's FOIA request within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E)(5) and grant Plaintiff such other relief as the Court deems just and proper.

Dated:   March 22, 2019

Respectfully submitted,

/s/ *Ramona R. Cotca*
Ramona R. Cotca (D.C. Bar No. 501159)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172
rcotca@judicialwatch.org

*Counsel for Plaintiff*